# REPUBLIC OF HAWAII *v.* PII KAHOOHANOHANO.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JULY 5, 1895.        DECIDED JULY 25, 1895.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE COOPER, SITTING IN PLACE OF BICKERTON, J., ABSENT FROM ILLNESS.

P. K. was charged with larceny and the witnesses for the prosecution testified that the knife, the subject of the larceny, had been seen by them in his possession, and that he had admitted that the knife was not his but that he had taken it by mistake; it was also shown that the owner of the knife had missed it a few minutes after the defendant had left his house.

Held, that a *prima facie* case was made out and properly submitted to the jury, and that the verdict would not be set aside, the evidence on behalf of the defendant not being sufficient to warrant such a ruling.

OPINION OF THE COURT BY CIRCUIT JUDGE COOPER.

The defendant was tried before the District Magistrate of Makawao, Maui, for larceny in the third degree; he was found guilty and appealed to the Circuit Court of the Second Circuit at term, where he was unanimously convicted of the offense by the jury. And his case now comes before this Court upon an exception to the overruling of his motion for a new trial, based upon the ground that the verdict was contrary to the law and weight of evidence.

Defendant's counsel claimed, that taking the evidence for the prosecution to be true, it was not sufficient to establish a *prima facie* case against his client, because the evidence of the taking of the knife, the subject of the larceny, was only circumstantial and that the stolen property was not seen in the defendant's possession until after a lapse of thirty days.

"The mere proof of possession of stolen property is not sufficient to constitute larceny, yet when accompanied by a false explanation of its possession, a *prima facie* case is made and it should be submitted to the jury." *Republic of Hawaii v. Palu* (page 74, *ante*).

One of the witnesses for the prosecution by the name of Anderson testified that the defendant, with a companion, came to his house at Keaaula, Makawao, and asked for food, which he supplied to them; that his knife, which was of peculiar construction, the handle being studded with brass nails, was lying on the table where they were eating; that about three minutes after the defendant departed the knife was missed and that he had not seen it since. Two other witnesses testified that while in company with the defendant they saw him have a knife which they recognized as belonging to Anderson, and on being asked about it the defendant admitted that the knife was Anderson's but that he had taken it by mistake. This evidence unrebutted would justify a verdict against the defendant.

The defendant introduced witnesses to prove an *alibi*. The man whom Anderson said came with the defendant to his house denied having visited the Anderson place on the day in question. Two others swore that they went to Wailuku in company with the defendant on that day, and in addition to this, one witness testified that he was present at the time the knife was said to have been seen in the defendant's possession, and that he did not hear any conversation which passed between the parties in regard to the ownership of the knife. The defendant denied that he was at Anderson's, or that he had admitted to the other witnesses that the knife was Anderson's. On the contrary he claimed that the knife he had was his own.

A *prima facie* case having been made out by the prosecution it was properly submitted to the jury, who failed to believe the witnesses for the defendant, and we do not find that the evidence introduced on his behalf was of such a char-

acter as would warrant a ruling that the verdict was contrary to the weight of evidence.

The exceptions are overruled.

*Dep. Marshal A. M. Brown,* for prosecution.

*J. K. Kahŏokano,* for defendant.